**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 1:12-cr-00042-MP-GRJ

ROBERT BRANDON BILUS,

    Defendant.

_____/

**O R D E R**

    This matter is before the Court on an oral motion to exclude testimony from Detective

Madsen relating to his discovery of the existence of evidence of chats on defendant's computer,

in which chats defendant allegedly discussed the sharing of child pornography. For the reasons

which follow, the motion is denied.

    During direct examination of Detective Madsen, who was qualified as an expert witness

in computer forensic analysis, the government avoided eliciting testimony regarding these chat

logs. Counsel for the government later stated on the record that he had not intended to use such

testimony during his case-in-chief. During cross-examination, however, defense counsel asked

whether there was evidence of any chats contained in a certain 18-page report. Detective

Madsen indicated that in the 18-page report he had not referred to such chat logs but that in

another 6-page report he had. The shorter report had not been disclosed to the defense before

trial, and so defense counsel moved to exclude any reference to the chat logs by Detective

Madsen as a sanction for violation of Fed. R. Crim. P. 16.

    To the extent that defendant argues that it is entitled to the report because Detective

Madsen is testifying as an expert, the duty on the part of the government to turn over an expert's

report derives from Fed. R. Crim. P. 16(a)(1)(G).  Under that rule, the government has to turn

over a summary of "any testimony that the government intends to use [pertaining to expert

testimony] during its case-in-chief."  The full language of the rule states:

> (G) Expert Witnesses. At the defendant's request, the government must give to the
>
> defendant a written summary of any testimony that the government intends to use under
>
> Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.
>
> ,,, The summary provided under this subparagraph must describe the witness's opinions,
>
> the bases and reasons for those opinions, and the witness's qualifications.

Here, the attorney for the government stated on the record that he did not intend to use  in his

case-in-chief the evidence of chats where child pornography sharing was discussed.  During

direct examination, he did not in fact elicit that testimony.  It was only after counsel for the

defense opened the door that the testimony came out.  Thus, 16(a)(1)(G) is not triggered.

In <u>U.S. v. Frazier</u>, 387 F.3d 1244 (11th Cir. 2004), the Eleventh Circuit reached a similar

result.

> At trial, Frazier's primary objection was that, absent notice, allowing the testimony of
> [two experts during rebuttal] violated Rule 16 of the Federal Rules of Criminal
> Procedure. The pertinent portion of Rule 16 provides:
>
> > At the defendant's request, the government must give to the defendant a written
> > summary of any testimony that the government intends to use under Rules 702,
> > 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.
>
> Fed.R.Crim.P. 16(a)(1)(G) (emphasis added). Our case law establishes that, consistent
> with the plain language of the Rule, the government's presentation of rebuttal testimony
> without prior notice does not violate Rule 16, since the Rule's notice requirements apply
> only to the government's case-in-chief. <u>See</u> <u>United States v. Windham</u>, 489 F.2d 1389,
> 1392 (5th Cir.1974) ("Rebuttal witnesses are a recognized exception to all witness
> disclosure requirements."); FN22 <u>see</u> <u>also</u> <u>United States v. DiCarlantonio</u>, 870 F.2d 1058,
> 1063 (6th Cir.1989) ( Rule 16 does not require disclosure of expert rebuttal testimony not
> offered during government's case-in-chief); <u>United States v. Barrett</u>, 766 F.2d 609, 617
> (1st Cir.1985) (same); <u>United States v. Angelini</u>, 607 F.2d 1305, 1308-09 (9th Cir.1979)

(same). Thus, so long as this testimony was properly characterized as rebuttal, Rule 16 did not require the government to give notice or a summary of the testimony.

\* \* \* \*

We add that by introducing the fact that the investigators had failed to recover any inculpatory hairs or bodily fluids, and arguing the significance of that failure, Frazier plainly opened the door for the government to offer reliable evidence that could help explain the significance of that failure. He cannot now complain that the government stepped through that door and rose to the challenge he presented. See United States v. Hall, 653 F.2d 1002, 1006 (5th Cir. Unit A Aug.1981) ("The underlying rationale [of rebuttal evidence] is that when the defendant has opened the door to a line of testimony by presenting evidence thereon, he cannot object to the prosecution's accepting the challenge and attempting to rebut the proposition asserted." (citing Delk, 586 F.2d at 516)). This was the purpose animating the government's use of [the experts'] testimony, and the district court did not abuse its discretion in allowing the testimony of [the two experts] on rebuttal. No violation of Rule 16 has been established on this record.

To the extent that defendant argues that he is entitled to these documents under Fed. R. Crim. P. 16(a)(1)(F), the Court concludes that the "physical or mental examination" described therein refers to examinations of the body or mind of a person, and not the physical examination of a computer.  Also, forensic examination of a computer does constitute a scientific test or experiment.

Since this report does not fall within either of the above subsections, it should be construed simply as a report prepared for trial preparation.   Fed. R. Crim. P. 16(a)(2) specifically mandates that the government does not have to turn over every report made in preparation for prosecution.  The rule states:

(2) Information Not Subject to Disclosure. Except as permitted by Rule 16(a)(1)(A)–(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Here, the report was prepared by a government agent in connection with prosecuting the

case. Thus, Rule 16(a)(2) bars discovery of this report. The Eleventh Circuit described the

purpose of this rule:

> Rule 16(a)(2) exempts from disclosure "reports, memoranda, or other internal
> government documents made by the attorney for the government or any other
> government agent investigating or prosecuting the case," and "statements made
> by government witnesses or prospective government witnesses." Rule 16(a)(3)
> exempts the discovery of statements of persons who have testified before a grand
> jury. The *Jencks Act,* of course, mandates that a statement by a prospective
> prosecution witness to an investigative agent or the grand jury must be provided
> to the defense after the witness has testified on direct examination. In addition to
> the government's discovery obligations under Rule 16(a), the government must
> also honor the defendant's constitutional rights, particularly the due process right
> *Brady v. Maryland* established. *Brady* requires the prosecutor to turn over to the
> defense evidence that is favorable to the accused, even though it is not subject to
> discovery under Rule 16(a), since, eventually, such evidence may "undermine[ ]
> the confidence in the outcome of the trial." *United States v. Newton,* 44 F.3d 913,
> 918 (11th Cir.1995) (quoting *United States v. Bagley,* 473 U.S. 667, 678, 105
> S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985)). The defendant's right to the disclosure
> of favorable evidence, however, does not "create a broad, constitutionally
> required right of discovery." *Bagley,* 473 U.S. at 675 n. 7, 105 S.Ct. at 3380 n. 7.
> Indeed, a "defendant's right to discover exculpatory evidence does not include the
> unsupervised right to search through the [government's] files," *Pennsylvania v.
> Ritchie,* 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987), nor does the
> right require the prosecution to deliver its entire file to the defense. *See Agurs,*
> 427 U.S. at 109, 96 S.Ct. at 2400. Rather, *Brady* obligates the government to
> disclose only favorable evidence that is "material." The "touchstone of materiality
> is a 'reasonable probability' of a different result." *Kyles v. Whitley,* 514 U.S. 419,
> 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). Accordingly, under *Brady,*
> the government need only disclose during pretrial discovery (or later, at the trial)
> evidence which, in the eyes of a neutral and objective observer, could alter the
> outcome of the proceedings. Not infrequently, what constitutes *Brady* material is
> fairly debatable. In such cases, the prosecutor should mark the material as a court
> exhibit and submit it to the court for in camera inspection. *See Buckley,* 586 F.2d
> at 506 (citing *Agurs,* 427 U.S. at 106, 96 S.Ct. at 2399).

United States v. Jordan, 316 F.3d 1215, 1251-52 (11th Cir. 2003). Corpus Juris Secundum states

> A defendant is not entitled, as a matter of right, to receive copies of police
> reports made in the course of preparing the case, unless the report contains
> exculpatory information.
> As a general rule, a defendant is not entitled, as a matter of right, to
> receive copies of reports made by the police in the course of preparing the case.
> Thus, a prosecuting attorney is not required, and may not be compelled, to

produce police reports for inspection. A police report that falls within the purview of *Brady v. Maryland*, requiring the disclosure of evidence that is exculpatory and material, must be disclosed, however.

\* \* \* \*

There is no constitutional requirement that a prosecuting attorney make a complete and detailed accounting to the defense of all police investigatory work pertaining to the case, or provide unlimited discovery of police investigatory files.

CJS Criminal Law § 682.

Finally, with regard to prejudice and fundamental fairness, the Court notes that the hard drive which contained the chat logs was made available to defendant's experts on multiple occasions, and they had the opportunity to discover the chat logs. Defendant complains of prejudice because he would not have structured his defense in the manner that he did had he known of the evidence of chats discussing child pornography. Defendant had multiple chances to have his experts conduct forensic analyses of the computer. He does not have the right to have the government's theory of the case handed to him. Any prejudice he suffered was from his failure to check the veracity of his assertion that there were no records of any chats.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

The motion to exclude testimony, made in open court, is denied.

**DONE AND ORDERED** this _7th_ day of May, 2013

 *s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge